L. A. THURSTON *et al.*, Executors of J. N. Robinson, *vs.* S. C. ALLEN *et al.*, Executors and Heirs of James Robinson.

QUESTION OF QUALIFICATION OF CHIEF JUSTICE.

HEARING, DECEMBER 28, 1891.  DECISION, FEBRUARY 8, 1892.

McCULLY, BICKERTON AND DOLE, JJ.

A devisee to a daughter, E. V. W. and her heirs, the same to be held in trust by Executors during her life, and upon her decease, in case she has not during her life disposed of the said estate by will or otherwise, to be distributed to the legal heirs of the devisee, held not to be within the Rule in Shelley's Case.

OPINION OF THE COURT, BY DOLE, J.

An important issue in the consideration of this case on the merits, is the question whether the Rule in Shelley's Case is in force here, and it was objected that the settlement of that issue would favorably or injuriously affect the title of the Chief Justice in a piece of real estate lately purchased by him, and that he is therefore disqualified to sit at the trial of this case, under Article 10 of the Constitution. This article provides that no person shall sit as a judge or juror in any case in the issue of which he may have any pecuniary interest.

The following provision appears in a certain Will in the chain of title of the land in question: "Subject to my debts and the legacies hereinafter granted, with which I first charge my estate, I give and bequeath all my property both real and personal and mixed to my beloved daughter Eliza Vincent Wood and her heirs, the same to be held in trust however, by my executors herein provided for, during the natural life of my said daughter, and the same to be managed and controlled by them for her use and benefit, they accounting for and paying over to her the income from the same upon her reasonable request, and upon her decease, in case she has not during her lifetime dis-

posed of the said estate by will or otherwise, it is my will that my executors distribute the said estate and any increase thereof among the legal heirs of my said daughter according to the law then existing for the distribution of estates of intestates."

The land was sold by the devisee to A. F. Judd; her husband, and. the administrator with the will annexed, joining in the deed.

The will, by the sentence, "In case she has not during her lifetime disposed of the said estate by will or otherwise," clearly recognizes in the devisee the power of selling the estate, and may be said to have conferred such power on her.

This feature of the will takes all question of the title of this land out of the Rule in Shelley's Case, and we therefore find that the Chief Justice is not pecuniarily interested in the settlement of the case at issue.

